(173 App. Div. 157)

ROEDER v. MAYER.

(Supreme Court, Appellate Division, First Department. June 16, 1916.)

1. PLEADING ☜367(6)—STRIKING ALLEGATIONS—DISCLAIMER.

In an action for failure to apply rents due a bankrupt which defendant was authorized to collect, where plaintiff trustee, in opposition to defendant's motion to have the complaint made more definite and certain by striking allegations, disclaimed that the action was for conversion, the court properly struck out the allegations of the complaint appropriate only to an action for conversion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1187–1193; Dec. Dig. ☜367(6).]

2. PLEADING ☜369(6)—ELECTION AS TO CAUSE OF ACTION—DUTY OF COUNSEL.

In an action for failure to apply rents due a bankrupt and collected by defendants on the lease when counsel for plaintiff trustee, after disclaiming that the action was conversion, so that the court properly struck from the complaint allegations appropriate only to such an action, changed his opinion as to the nature of the action, he should have moved to be relieved from his election, and, if the court misunderstood his contention, should have applied for reargument.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1205, 1206, 1208, 1209; Dec. Dig. ☜369(6); Replevin, Cent. Dig. § 206.]

3. PLEADING ☜369(6)—ELECTION BETWEEN CAUSES OF ACTION.

Where complaint set forth a cause of action for breach of contract and another for conversion that plaintiff in his brief in opposition to motion to have the complaint made more definite disclaimed that the action was for conversion, his election to sue on the contract was not sufficiently formal to bind his client.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1205, 1206, 1208, 1209; Dec. Dig. ☜369(6); Replevin, Cent. Dig. § 206.]

Appeal from Special Term, New York County.

Action by Jehial M. Roeder, as trustee in bankruptcy, etc., against Oscar J. Mayer. From an order granting defendant's motion to have the complaint made more definite and certain by striking out certain allegations, plaintiff appeals. Order reversed, and motion to have complaint made more definite and certain granted; plaintiff being required to serve an amended complaint separately stating and numbering the causes of action.

Argued before CLARKE, P, J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

George Edwin Joseph, of New York City (Henry C. Quinby, of New York City, on the brief), for appellant.

Harold Nathan, of New York City, for respondent.

LAUGHLIN, J. The nature of the cause of action is not definitely shown by the allegations of the complaint. A breach of contract on the part of the defendant in failing to apply rents due and owing to the bankrupt, but which it duly authorized him to collect from subtenants, in payment of rent reserved and taxes payable under the lease from the owner to the bankrupt, as agreed, in consequence of which the bankrupt was dispossessed and its lease terminated, is alleged;

and, also, conversion of the moneys so collected and not applied as agreed. The defendant, desiring to know whether the action is for damages for the breach of the contract, or for the conversion of the funds, or both, moved to have the complaint made more definite by separately stating and numbering the causes of action, if plaintiff claims the right to proceed on both theories, and, if only damages for a breach of contract are claimed, then to have the allegations with respect to conversion eliminated, and, if damages for the conversion only are claimed, then to have the allegations which would be material only as affording a basis of recovery for damages for a breach of the contract eliminated.

[1-3] The order recites that the brief filed in behalf of plaintiff in opposition to the motion showed that plaintiff disclaimed that the action was for conversion, and on that theory the court properly struck out the allegations appropriate only to an action for conversion. The complaint is left without any allegations of fact with respect to damages, for it is not alleged that the lease had any value, or that the rental value of the premises, from which the bankrupt has been dispossessed through defendant's failure to perform its contract, was more than the rent reserved. Counsel for appellant now claims that the action is for conversion. When he changed his opinion with respect to the nature of the action, he should have moved to be relieved from his election, and, if he claimed that the court must have misunderstood his contention, he should have applied for a reargument. We think, however, that the election was not sufficiently formal to bind his client thereby, and therefore the order which should have been made at Special Term will be made here.

The order is reversed, without costs, and motion to have complaint made more definite and certain granted, with $10 costs, and plaintiff is required to serve an amended complaint separately stating and numbering the causes of action if he claims both for breach of contract and for conversion, and, if not, then eliminating the allegations not appropriate or necessary, as already indicated, to the single cause of action, whether for breach of contract or for conversion. Settle order on notice. All concur.